**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Gerber Childrenswear LLC | ) | Civil Action No: |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Tonny Sorensen and | ) | **JURY TRIAL REQUESTED** |
| California Christiania Republic, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, Gerber Childrenswear LLC ("Gerber Childrenswear" or "Plaintiff"), complaining of Defendants, Tonny Sorensen ("Sorensen" or "Defendant Sorensen") and California Christiania Republic, LLC ("CCR" or "Defendant CCR") (collectively "Defendants"), alleges and asserts the following as claims against Defendants:

**JURISDICTION AND VENUE**

1.    This is a civil action for injunctive relief and for damages in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, for common law trademark infringement, for false designation of origin, and for unfair trade practices.

2.    This court has jurisdiction over this action under 15 U.S.C. §§ 1121 and 1125(a) as well as 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

3.    Venue over the Defendants is proper in this judicial district under 28 U.S.C. § 1391(b) in that Defendants have used the trademarks complained of herein to market, promote, and/or sell goods in this judicial district, confusion amongst

consumers is likely to occur in this judicial district, Gerber Childrenswear's has offices located in this judicial district, the harm to Gerber Childrenswear has occurred and will continue to occur in this judicial district, and many, if not a majority, of fact witnesses are located in this judicial district.

## PARTIES

4.    Gerber Childrenswear is a Delaware limited liability company with a place of business at 7005 Pelham Road, Suite D, Greenville, SC  29615.

5.    Upon information and belief, Tonny Sorensen is an individual residing at 410 Chris Place, Beverly Hills, CA 90210.

6.    Upon information and belief, CCR is a California limited liability company with an address at 7510 W. Sunset Blvd. # 520, Los Angeles, CA 90046.

## BACKGROUND FACTS

7.    Gerber Childrenswear designs, manufactures and sells clothing, including one-piece garments, for infants and children ("Goods").

8.    In 1982, Gerber Childrenswear created and adopted the distinctive name "ONESIES" as a trademark for its Goods and has since that time been continuously using its distinctive name in conjunction with sales of such Goods.

9.    Gerber Childrenswear has invested substantial sums of money in developing, promoting, and defending its "ONESIES" trademark as well as the underlying goodwill associated therewith.

10.    Gerber Childrenswear has promoted its "ONESIES" trademark in the marketplace in connection with sales of its Goods both in the United States and

internationally and has employed the trademark "ONESIES" to distinguish its Goods from those made and sold by others.

11.    In addition to being inherently distinctive, and as a result of the sales and advertising by Gerber Childrenswear of its Goods bearing the "ONESIES" trademark, "ONESIES" has developed secondary trademark meaning to purchasers.

12.    Gerber Childrenswear has acquired and maintains common law trademark rights in its "ONESIES" trademark.

13.    Gerber Childrenswear owns valid federal trademark registrations for certain embodiments of its "ONESIES" trademark, including U.S. Trademark Registration No. 2,549,557 for the word mark ONESIES, registered in connection with infant's and children's clothing, namely, infantwear, underwear, bodysuits, underclothes and undergarments, U.S. Trademark Registration No. 1,292,981 for the stylized mark **onesies**, registered in connection with infant's and children's underwear; and U.S. Trademark Registration No. 3,488,401 for the stylized mark **onesies**, registered in connection with infants' and children's clothing, namely, infantwear, underwear, bodysuits, underclothes and undergarments (collectively "Registered "ONESIES" Trademarks").

14.    Gerber Childrenswear's Registered "ONESIES" Trademarks are incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065).

15.    As a result of Gerber Childrenswear's continuous, exclusive, and extensive use and promotion of the Registered "ONESIES" Trademarks, the Registered "ONESIES" Trademarks have acquired enormous value and become extremely-

well known to the consuming public as immediately identifying and distinguishing clothing for infants and children emanating from, symbolizing, or authorized exclusively by Gerber Childrenswear.

16.    Defendants are unaffiliated with Gerber Childrenswear and have never been authorized to use Gerber Childrenswear's "ONESIES" trademark, its Registered "ONESIES" Trademarks, or any mark or designation that is confusingly similar.

17.    On September 8, 2010, Sorensen filed a use-based trademark application with the United States Patent and Trademark office to register the mark "oneZ" in connection with "athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; children's and infant's apparel, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; fleece bottoms; fleece pullovers; fleece tops; hooded pullovers; hooded sweat shirts; jumpers; short-sleeved or long-sleeved t-shirts; sweatsuits; t-shirts," claiming a date of first use in commerce of April 2, 2010 ("Sorensen Word Mark Application").

18.    The Sorensen Word Mark Application was filed in the name of Sorensen as an individual.

19.    On December 17, 2010, the U.S. Trademark Office refused the Sorensen Word Mark Application on the basis that, *inter alia*, Sorensen's "oneZ" mark was likely to be confused with Gerber Childrenswear's Registered "ONESIES" Trademarks.

20.    On April 25, 2011 Sorensen expressly abandoned the Sorensen Word Mark Application.

21.    On April 25, 2011, Sorensen filed an intent-to-use-based trademark application with the United States Patent and Trademark Office to register the logo mark

4

one★Z  in connection with "footwear; hats; hooded sweatshirts; jackets; jeans; pants; shorts; socks; sweat shirts; sweaters; swimwear; t-shirts; tank tops," on behalf of Tonny Sorensen individually ("Sorensen Logo Application").

22. The Sorensen Logo Application was reviewed by a Trademark Examining Attorney different than the one who reviewed the Sorensen Word Mark Application and has been published for opposition by the United States Patent and Trademark Office.

23. Upon information and belief, CCR was founded in 2010 and was formed as an LLC on February 7, 2011.

24. Upon information and belief, Sorensen is the CEO of CCR.

25. CCR and, according to the Sorensen Word Mark Application and the Sorensen Logo Application, Sorensen individually have sold and currently sell one-piece garments for children and adults using the word designation "oneZ" and the logo

one★Z  ("Infringing Designations").

26. CCR's clothing line sold under the Infringing Designations is available for purchase in this judicial district and worldwide through its fully interactive website, which allows the purchase of its infringing goods through at least the following links:  http://ccrbrand.com/mens/cat_1.html,  http://ccrbrand.com/kids/cat_3.html, http://ccrbrand.com/womens/cat_2.html,     and     http://ccrbrand.com/sensation-collection/cat_4.html.

27. Gerber Childrenswear has notified Defendants of the infringing nature of their activities but the Defendants have not ceased such infringement.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## LANHAM ACT, § 32(a)

28.    Gerber Childrenswear incorporates the allegations in the foregoing paragraphs 1 though 27 herein as if fully repeated.

29.    Defendants' use of "oneZ" and/or **one★Z** is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendants with Gerber Childrenswear, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with or by Gerber Childrenswear.

30.    Defendants' use of "oneZ" and/or **one★Z** infringes Gerber Childrenswear's exclusive rights in its Registered "ONESIES" Trademarks.

31.    Upon information and belief, Defendants' continued infringing conduct is knowing, intentional, and willful.

32.    As a result of Defendants' actions, Gerber Childrenswear has been and will continue to be irreparably injured.

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT

33.    Gerber Childrenswear incorporates the allegations in the foregoing paragraphs 1 though 32 herein as if fully repeated.

34.    Gerber Childrenswear's "ONESIES" trademark functions as a trademark, is distinctive, and is protectable as a common law trademark as a result of its use in distinguishing Gerber Childrenswear's products from the products of others.

35. In addition to its inherent distinctiveness, Gerber Childrenswear's "ONESIES" trademark has developed secondary meaning in the minds of the relevant consumers.

36. Defendants' use of "oneZ" and/or in commerce is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendants with Gerber Childrenswear, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with or by Gerber Childrenswear, and such use therefore infringes Gerber Childrenswear's "ONESIES" trademark.

37. Upon information and belief, Defendants' continued infringing conduct is knowing, intentional, and willful.

38. As a result of Defendants' actions, Gerber Childrenswear has been and will continue to be irreparably injured.

### COUNT III -- FALSE DESIGNATION OF ORIGIN
### LANHAM ACT, § 43(a)

39. Gerber Childrenswear incorporates the allegations in the foregoing paragraphs 1 though 38 herein as if fully repeated.

40. Defendants' use of "oneZ" and/or in commerce is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendants with Gerber Childrenswear, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities with or by Gerber Childrenswear.

41.    Defendants' actions are in violation of 15 U.S.C. § 1125(a)(1) (Lanham Act, Section 43(a)).

42.    As a result of Defendants' actions, Gerber Childrenswear has been and will continue to be irreparably injured.

## COUNT IV – VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

43.    Gerber Childrenswear incorporates the allegations in the foregoing paragraphs 1 though 42 herein as if fully repeated.

44.    Defendants' use of "oneZ" and/or one★Z is likely to cause consumers to be confused, mistaken, or deceived in that members of the public are likely to believe that the garment sold under such term has an affiliation or connection with Gerber Childrenswear, or vice versa.

45.    Upon information and belief, Defendants' unfair methods of competition and unfair/deceptive acts complained of herein were conducted in association with trade and commerce within this state and have had and continue to have an impact upon the public interest.

46.    By engaging in the conduct described herein, Defendants have violated S.C. Code Ann. § 39-5-10, *et seq.*

47.    As a result of Defendants' conduct complained of herein, Gerber Childrenswear has suffered monetary and/or property loss.

## ALLEGATION OF DAMAGE

By reason of Defendants' acts alleged herein, Gerber Childrenswear has suffered and will continue to suffer damages to its business, reputation, and goodwill, and has

and will likely continue to suffer loss of sales and profits that Gerber Childrenswear would have made but for Defendants' acts.    Gerber Childrenswear also claims entitlement to treble damages and recovery of its attorneys' fees and costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Gerber Childrenswear seeks judgment including the following relief:

A.    An order finding that Gerber Childrenswear's Registered "ONESIES" Trademarks are valid and subsisting trademarks and that Defendants have willfully infringed such marks;

B.    An order finding that Defendants have unfairly competed with Gerber Childrenswear and have violated the Lanham Act, §§ 43(a) and 43(c), Gerber Childrenswear's common law trademark rights, and the South Carolina Unfair Trade Practices Act;

C.    An order permanently enjoining and restraining Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any persons acting for, with, by, through, or under any of them from manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods and/or services which bear or utilize the terms "oneZ," , "ONESIE," and/or any variation thereof;

D.    An order permanently enjoining and restraining Defendants and each of their agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any persons acting for, with, by, through, or under any of them from

manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods and/or services which bear a mark that so resembles any of Gerber Childrenswear's Registered "ONESIES" Trademarks as to be likely to cause confusion, mistake, or deception in connection with products that have not been approved or sponsored by or have not originated from Gerber Childrenswear;

E.    An order that Sorensen expressly abandon U.S. Trademark Application Serial

Number 85/304,177 for **one★Z** .

F.    An order that Defendants pay damages to Gerber Childrenswear in an amount to be proven at trial, including, without limitation, the cost of advertising and undertaking to restore the value of Gerber Childrenswear's trademarks asserted herein and any profits of Defendants that are attributable to their illegal acts and any profits lost by Gerber Childrenswear due to Defendants' acts;

G.    An order that Defendants pay to Gerber Childrenswear its costs, disbursements, and attorneys' fees incurred in connection with this action;

H.    An order that Defendants pay to Gerber Childrenswear an amount equal to treble its damages; and

I.    An order awarding all such other relief as the Court deems just and proper.

Respectfully Submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: ____ /s/ Neil C. Jones
     Neil C. Jones,
     Fed. Bar No. 5470
     neil.jones@nelsonmullins.com
     104 South Main Street / Ninth Floor
     Greenville, SC  29601
     Post Office Box 10084 (29603-0084)
     Tel:    (864) 250-2260
     Fax:    (864) 250-2394

     Nichole Andrighetti,
     Fed. Bar No. 9572
     nichole.andrighetti@nelsonmullins.com
     104 South Main Street / Ninth Floor
     Greenville, SC  29601
     Post Office Box 10084 (29603-0084)
     Tel:    (864) 250-2292
     Fax:    (864) 250-2394

     *Attorneys for Gerber Childrenswear LLC*

Greenville, SC
September 2, 2011